**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT**
**INDIANAPOLIS DIVISION**

FILED
U.S. DISTRICT COURT
INDIANAPOLIS DIVISION

2018 MAR -5 AM 9: 24

SOUTHERN DISTRICT
OF INDIANA
LAURA A. BRIGGS
CLERK

|  |  |  |
|---|---|---|
| MICHAEL FISHER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. |
| v. | ) | |
| | ) | **1  18-cv- 0649 JMS -DML** |
| MARION COUNTY JAIL, | ) | |
| MARION COUNTY SHERIFF'S | ) | |
| OFFICE, LT. COLONEL JAMES | ) | |
| MARTIN, MARION COUNTY | ) | |
| SHERIFF JOHN LAYTON, | ) | |
| JOHN DOE JAIL | ) | |
| GUARD 1, JOHN DOE | ) | |
| JAIL GUARD 2, JOHN DOE | ) | |
| JAIL GUARD 3 | ) | |
| | ) | |
| Defendants. | ) | |

<u>COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL</u>

**COMES NOW**, Plaintiff Michael Fisher, by counsel, complaining of Defendants Marion

County Jail, Marion County Sheriff's Office, Lt. Colonel James Martin, Marion County Sheriff

John Layton, John Doe Jail Guards 1, 2, and 3 (hereinafter "Guards"), and states to this Court as

follows:

**JURISDICTION**

1. This Court has subject matter jurisdiction over this action under 28. U.S.C. § 1331 and

   by 42 U.S.C. § 1983.

2. Venue is proper under 28 U.S.C. § 1391 in that the claim alleged herein arose in and the

   location of the Defendants are in Marion County, Indiana, within the Southern District of

   Indiana.

1

## THE PARTIES

3. Plaintiff Michael Fisher ("Fisher") is an individual and resides in Marion County, Indiana.

4. Defendant Marion County Jail is located at 752 E. Market Street, Indianapolis, Indiana, 46204 and is where Fisher was severely injured, giving rise to this claim.

5. Defendant Marion County Sheriff's Office is located at 40 S. Alabama Street, Indianapolis, Indiana 46204, and conducts affairs and policies that directly impact Marion County Jail.

6. Defendant Lt. Colonel James Martin is an employee of the Marion County Sheriff's Department, who is responsible for supervising and controlling the Jail Division of the Marion County Sheriff's Department and Marion County Jail. At all relevant times, Defendant Lt. Colonel James Martin was acting within the scope of his employment with the Marion County Sheriff's Department and Marion County Jail and under the color of state law as the Jail Division Commander of Marion County, Indiana.

7. Defendant Sheriff John Layton is the Sheriff of Marion County, Indiana, and is responsible for all divisions of Marion County Sheriff's Office, including Lt. Colonel James Martin, Jail Division Commander. At all relevant times, Defendant Sheriff John Layton was acting within the scope of his employment with the Marion County Sheriff's Department and Marion County Jail and under the color of state law as the Sheriff of Marion County, Indiana.

8. At all relevant times, Defendant John Doe Jail Guard 1, John Doe Jail Guard 2, and John Doe Jail Guard 3 were employees of the Marion County Jail and were acting within the

scope of their employment (albeit willfully, wantonly and maliciously doing so) with the Marion County Jail and under the color of state law as a Jail Guard.

9. Defendant Lt. Colonel James Martin and Defendant Sheriff John Layton, as being responsible as Jail Division Commander and Marion County Sheriff, respectively, are responsible for creating, implementing and enforcing Marion County Jail policies, procedures, and customs.

10. All Defendants may collectively be referred to as "Defendants."

## FACTUAL ALLEGATIONS

11. On September 21, 2017, Fisher was arrested for public intoxication allegations in Marion County, Indiana.

12. At the time of arrest, Fisher was on disability as a result of a medical diagnosis of widespread pain and back problems.

13. On September 22, 2017, early in the morning, Fisher informed Guards that he needed to be administered his prescribed medications.

14. Guards, instead of accommodating Fisher's reasonable request for prescription medications, took Fisher out of his individual cell, which was visible to other inmates.

15. Guards took Fisher to the end of the line of cells, which reduced other inmates' visibility of Guards and Fisher.

16. Guards put Fisher into the cell at the end of the row and proceed to kick, beat, stomp, and otherwise physically assault Fisher.

17. Guards caused Fisher to experience three broken ribs, external and internal bruising, as well as trauma to his clavicle, and emotional trauma.

18. After the attack, Fisher requested to be taken to the hospital to the nurse on duty.

19. The jail nurse on duty told Fisher that doctors could not do help him with broken ribs.

20. The jail nurse on duty told Fisher that he would have to wait until he was taken to general population before being treated for his injuries.

21. Fisher was later fingerprinted, and also told the jail employee administering the fingerprint that he had been beaten and suffered three broken ribs.

22. The jail employee administering Fisher's fingerprints did not respond or otherwise report Fisher's complaint.

23. The jail employees whom Fisher complained to, including the nurse on duty and the fingerprint processor, would not provide Fisher with a grievance form.

24. After Fisher was released of his own recognizance, he went to St. Francis Hospital on September 25, 2017, for medical treatment and diagnosis and had X-rays done which confirmed that he had broken ribs.

25. On October 31, 2017, Fisher went to Eskanazi, where he had several X-rays performed which confirmed the prior diagnosis of broken ribs and other physical trauma.

26. On October 24, 2017, Fisher sent a Notice of Tort Claim to Marion County Jail, Marion County Sheriff's Office, Marion County Jail Arrestee Processing Center, John Doe Guard 1, John Doe Guard 2, John Doe Guard 3, Office of the Attorney General, and Indiana Political Management Risk Assessment.

27. As a direct, legal, and proximate result of Defendants' acts and/or omissions, Fisher has sustained significant economic and non-economic damages; including, but not limited to, emotional distress, physical pain and exacerbation of pre-existing medical conditions, including but not limited to, high blood pressure and high cholesterol, as well as special damages and violations of constitutional rights.

28. Defendants acted with oppression, malice, deliberate indifference, and/or willful and wanton recklessness, which justifies the imposition of punitive and exemplary damages.

29. As a direct, legal, and proximate result of Defendants' acts and/or omissions, Plaintiff seeks all damages and remedies allowable under Indiana state law as well as all damages and remedies allowable pursuant to 42 U.S.C. § 1983, the applicable federal and Constitutional law.

## COUNT 1: BATTERY
(Defendants John Doe Jail Guard 1, John Doe Jail Guard 2, John Doe Jail Guard 3 all individuals in the individual and their official capacities)

30. Plaintiff incorporates by reference the preceding paragraphs of this complaint as fully set forth herein. Pursuant to the federal notice pleading standard, this complaint contains a factual allegations section, pleaded with sufficient factual matter, which demonstrates the Plaintiff is entitled to relief. Fed. R. Civ. P. 8(a)(2).

31. Defendants John Doe Jail Guard 1, John Doe Jail Guard 2, and John Doe Jail Guard 3 are named in their individual capacities for this Count.

32. Defendants John Doe Jail Guard 1, John Doe Jail Guard 2, and John Doe Jail Guard 3 intentionally touched Plaintiff's body in a harmful and offensive manner, without consent or initiation by Plaintiff. The result of Defendants' actions included physical, mental, and emotional harm and distress to Plaintiff; including but not limited to broken ribs, internal injuries, bruising, emotional distress, and exacerbation of pre-existing medical conditions.

## COUNT 2: ASSAULT
(Defendants John Doe Jail Guard 1, John Doe Jail Guard 2, John Doe Jail Guard 3 all individuals in the individual and their official capacities)

33. Plaintiff incorporates by reference the preceding paragraphs of this complaint as fully set forth herein. Pursuant to the federal notice pleading standard, this complaint contains a factual allegations section, pleaded with sufficient factual matter, which demonstrates the Plaintiff is entitled to relief. Fed. R. Civ. P. 8(a)(2).

34. Defendants John Doe Jail Guard 1, John Doe Jail Guard 2, and John Doe Jail Guard 3 are named in their individual capacities for this Count.

35. Defendants John Doe Jail Guard 1, John Doe Jail Guard 2, and John Doe Jail Guard 3 acted and conducted themselves in a way intended to create a reasonable apprehension of imminent harm that is harmful and/or offensive to Plaintiff. The result of Defendants' actions was mental and emotional distress.

## COUNT 3: NEGLIGENT TRAINING OF JAIL GUARDS
(Marion County Jail, Marion County Sheriff's Department, Lt. Colonel James Martin, Sheriff John Layton all individuals in the individual and their official capacities)

36. Plaintiff incorporates by reference the preceding paragraphs of this complaint as fully set forth herein. Pursuant to the federal notice pleading standard, this complaint contains a factual allegations section, pleaded with sufficient factual matter, which demonstrates the Plaintiff is entitled to relief. Fed. R. Civ. P. 8(a)(2).

37. Defendants Lt. Colonel James and Sheriff John Layton are named in their individual and official capacities for this Count.

38. Defendants did not uphold their duty of reasonable care in the training of John Doe Jail Guards 1, 2, or 3, to ensure that the jail guards did not physically assault and attack jail inmates.

39. Defendants did not uphold their duty of reasonable care in the training of Marion County

Jail facility employees to ensure that jail guards could not physically assault and attack

jail inmates.


## COUNT 4: MONELL- FAILURE TO TRAIN, VIOLATION OF INTERNAL POLICY
(Marion County Jail, Marion County Sheriff's Department, Lt. Colonel James Martin, Sheriff
John Layton all individuals in the individual and their official capacities)
(Failure to Train, Failure to Supervise, Failure to Discipline, Violation of Internal Policy,
Unconstitutional Adopted Policy)

40. Plaintiff incorporates by reference the preceding paragraphs of this complaint as fully set

forth herein. Pursuant to the federal notice pleading standard, this complaint contains a

factual allegations section, pleaded with sufficient factual matter, which demonstrates the

Plaintiff is entitled to relief. Fed. R. Civ. P. 8(a)(2).

41. The Defendants' actions constitute violations under *Monell* pursuant to 42 U.S.C. § 1983.

42. Defendants Sheriff John Layton and Lt. Colonel James Martin were acting under the

color of state law in adopting an unconstitutional policy to negligently train, supervise,

control, and discipline Marion County Jail guards, and were acting in their official and

individual capacities by doing so.

43. Upon information and belief, Defendants have a failure to train its employees to ensure

that jail guards do not physical abuse, commit battery, assault, as well as ensure that jail

guards engage in proper procedures.

44. Upon information and belief, Defendants have adopted an unconstitutional policy of

beating up inmates when inmates request medication or otherwise cause concern to

Defendants' employees.

45. Upon information and belief, Defendants have adopted an unconstitutional policy of refusing to provide a grievance when inmates complain to jail employees.

46. Upon information and belief, Defendants have adopted an unconstitutional policy of refusing to provide proper medical assistance when inmates request medication attention.

47. Defendants Sheriff John Layton and Lt. Colonel James Martin had a duty to reasonably train, supervise, control, and discipline Marion County Jail employees to ensure procedural fairness, equal protection of rights, and to protect inmates' physical safety and security.

48. Jail Guards of the Marion County Jail have a duty to engage in proper procedures.

49. Jail Guards of the Marion County Jail have a duty to ensure procedural fairness to all citizens.

50. Jail Guards of the Marion County Jail have a duty to uphold the laws of the State of Indiana, and to not violate laws by committing battery and physical assault upon inmates.

51. Upon information and belief, IMPD has failed to prevent officers from abusing the law.

52. Upon information and belief, Defendants; including but not limited to, Defendant Sheriff John Layton and Lt. Colonel James Martin, have failed to properly train and supervise jail guards to ensure procedural fairness to all citizens and to prevent discrimination, disparate treatment, assault, and physical battery upon inmates.

53. Upon information and belief, Defendants; including but not limited to, Defendant Sheriff John Layton and Lt. Colonel James Martin, have failed to properly supervise jail guards to prevent guards from exercising excessive force against inmates.

54. Upon information and belief, Defendants; including but not limited to, Defendant Sheriff John Layton and Lt. Colonel James Martin, have failed to properly discipline jail guards who exercise excessive force against inmates.

55. Upon information and belief, Defendants; including but not limited to, Defendant Sheriff John Layton and Lt. Colonel James Martin, have created a pervasive custom to negligently, train, supervise, control, and discipline jail guards and employees.

56. Upon information and belief, Defendants; including but not limited to, Defendant Sheriff John Layton and Lt. Colonel James Martin, have created a pervasive custom to use excessive force.

57. To the extent that such policies are in place, such policies are routinely violated, such that Defendants have become objectively indifferent to the likelihood that a constitutional violation would occur.

58. To the extent that such policies are in place, there is a pattern of such violations, that Defendants have failed to train or supervise to rectify the problem.

59. Marion County Jail, Marion County Sheriff's Department, Lt. Colonel James Martin, and Sheriff John Layton have been put on notice of these violations, by Plaintiff's Tort Claim Notice which was filed before instigating these matters.

60. Such violations raise to a level so as to violate the United States Constitution and due process.

61. Upon information and belief, Defendants Sheriff John Layton and Lt. Colonel James Martin are the responsible policymakers for Marion County Jail and the subsequent training, supervision, and discipline of Marion County Jail guards.

62. Upon information and belief, Defendants have a failure to train and supervise its employees, to ensure that internal policies are followed, and to ensure that jail guards do not pursue personal animus, vendettas, and illegal actions such as physical assault and battery.

63. To the extent that such policies are not officially adopted, they have become so pervasive, it holds the same force as an adopted rule, policy, or regulation.

64. Defendants knew or should have known that their acts and omissions were likely a result in a violation of the Fourth and Fourteenth Amendment rights of innocent persons.

65. As a direct, legal, and proximate result of Defendants' deliberate indifference, gross negligence, or reckless disregard, Plaintiff suffered economic and non-economic damages.

66. Plaintiff serves the right to proceed with any and all claims which the facts averred in this complaint support, pursuant to the notice pleading requirement.

### COUNT 5: INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
(Defendants John Doe Jail Guard 1, John Doe Jail Guard 2, John Doe Jail Guard 3 all individuals in the individual and their official capacities)

67. Plaintiff incorporates by reference the preceding paragraphs of this complaint as fully set forth herein. Pursuant to the federal notice pleading standard, this complaint contains a factual allegations section, pleaded with sufficient factual matter, which demonstrates the Plaintiff is entitled to relief. Fed. R. Civ. P. 8(a)(2).

68. John Doe Jail Guard 1, John Doe Jail Guard 2, and John Doe Jail Guard 3 are named in their individual capacities for this Count.

69. Defendants isolated Plaintiff and physically attacked him, including by punching, hitting, and stomping down on his chest.

70. Plaintiff sustained broken ribs, bruising, and emotional distress and anxiety as a direct

result of Defendants' actions.

71. Defendants' actions constituted extreme and outrageous conduct that constitutes

intentional or reckless severe emotional harm to Plaintiff.

## COUNT 6: FOURTEENTH AMENDMENT- VIOLATION OF DUE PROCESS CLAUSE

(Marion County Jail, Marion County Sheriff's Department, Lt. Colonel James Martin, Sheriff John Layton, John Doe Jail Guard 1, John Doe Jail Guard 2, John Doe Jail Guard 3 all individuals in the individual and their official capacities)

72. Plaintiff incorporates by reference the preceding paragraphs of this complaint as fully set

forth herein. Pursuant to the federal notice pleading standard, this complaint contains a

factual allegations section, pleaded with sufficient factual matter, which demonstrates the

Plaintiff is entitled to relief. Fed. R. Civ. P. 8(a)(2).

73. Defendants' actions and omissions gave rise to violations of Plaintiff's Constitutional

Equal Protection Clause rights as a United States citizen.

74. Plaintiff was subjected to disparate and discriminatory treatment when jail guards

committed assault and battery on him when he asked for his prescribed medications while

in Marion County Jail.

75. Plaintiff was subjected to disparate and discriminatory treatment when Plaintiff was

deprived of his prescribed medications by the jail guards.

76. Plaintiff was subjected to disparate and discriminatory treatment when Plaintiff was

isolated by Defendants and then physically attacked by hitting, punching, and stomping

down on Plaintiff's chest.

77. Plaintiff alleges that Defendants have subjected other individuals besides Plaintiff to Fourteenth Amendment Equal Protection Clause violations as a result of improper training, supervision, and control.

78. Defendants knew or should have known that their acts and omissions were likely to result in a violation of the Fourteenth Amendment rights of innocent persons

## COUNT 7: NEGLIGENCE
(Marion County Jail, Marion County Sheriff's Department, Lt. Colonel James Martin, Sheriff John Layton, John Doe Jail Guard 1, John Doe Jail Guard 2, John Doe Jail Guard 3 all individuals in the individual and their official capacities)

79. Plaintiff incorporates by reference the preceding paragraphs of this complaint as fully set forth herein. Pursuant to the federal notice pleading standard, this complaint contains a factual allegations section, pleaded with sufficient factual matter, which demonstrates the Plaintiff is entitled to relief. Fed. R. Civ. P. 8(a)(2).

80. John Doe Jail Guard 1, John Doe Jail Guard 2, and John Doe Jail Guard 3 are named in their individual capacities for this Count.

81. Defendants did not uphold its duty of reasonable care in the training, supervision, and discipline of John Doe Jail Guards 1, 2, or 3, to ensure that the jail guards did not physically assault and battery jail inmates and use excessive force against inmates.

82. John Doe Jail Guard 1, John Doe Jail Guard 2, and John Doe Jail Guard 3 did not uphold their duty of reasonable care in the supervision, care, and safety of Plaintiff while in custody at Marion County Jail.

83. As a direct, legal, and proximate result of Defendants' actions, Plaintiff sustained economic and non-economic damages.

## COUNT 8: FOURTEENTH AMENDMENT: EXCESSIVE FORCE
(Marion County Jail, Marion County Sheriff's Department, Lt. Colonel James Martin, Sheriff John Layton, John Doe Jail Guard 1, John Doe Jail Guard 2, John Doe Jail Guard 3 all individuals in the individual and their official capacities)

84. Plaintiff incorporates by reference the preceding paragraphs of this complaint as fully set forth herein. Pursuant to the federal notice pleading standard, this complaint contains a factual allegations section, pleaded with sufficient factual matter, which demonstrates the Plaintiff is entitled to relief. Fed. R. Civ. P. 8(a)(2).

85. Under the Fourteenth Amendment to the United States Constitution, Plaintiff is entitled to be free from the unreasonable use of force by law enforcement.

86. Plaintiff's rights under the Fourteenth Amendment are enforceable pursuant to 42 U.S.C. § 1983.

87. John Doe Jail Guard 1, John Doe Jail Guard 2, and John Doe Jail Guard 3's use of force in striking, beating, and otherwise physically assaulting and battering Plaintiff was objectively unreasonable under the circumstances.

88. Upon information and belief, Defendants Sheriff John Layton and Lt. Colonel James Martin are the responsible policymakers for Marion County Jail and the subsequent training, supervision, and discipline of Marion County Jail guards.

89. Defendants Marion County Jail, Marion County Sheriff's Department, Lt. Colonel James Martin, and Sheriff John Layton's lack of response to, or condemnation of, the individual guards' conduct towards Plaintiff is objectively unreasonable under the circumstances.

90. Defendants Marion County Jail, Marion County Sheriff's Department, Lt. Colonel James Martin, and Sheriff John Layton's lack of response, or condemnation of, the individual guards' conduct towards Plaintiff is so pervasive that it is an adopted policy of

Defendants to allow jail guards to physically attack and beat inmates of the Marion County Jail.

91. The individual jail guard defendants' actions were undertaken within the scope of their employment, while on duty, and under color of law.

92. As a result of the unjustified and excessive use of force by the Defendants, Plaintiff has suffered physical and emotional injuries.

## COUNT 8: FOURTH AMENDMENT: EXCESSIVE FORCE
(Marion County Jail, Marion County Sheriff's Department, Lt. Colonel James Martin, Sheriff John Layton, John Doe Jail Guard 1, John Doe Jail Guard 2, John Doe Jail Guard 3 all individuals in the individual and their official capacities)

93. Plaintiff incorporates by reference the preceding paragraphs of this complaint as fully set forth herein. Pursuant to the federal notice pleading standard, this complaint contains a factual allegations section, pleaded with sufficient factual matter, which demonstrates the Plaintiff is entitled to relief. Fed. R. Civ. P. 8(a)(2).

94. The actions of the Defendants, as described above, was taken pursuant to the policy and practice of the Marion County Jail.

95. Upon information and belief, Defendants Sheriff John Layton and Lt. Colonel James Martin are the responsible policymakers for Marion County Jail and the subsequent training, supervision, and discipline of Marion County Jail guards.

96. As a matter of both policy and practice, the Marion County Jail encourages, and is the moving force behind, the individual jail guards' objectively unreasonable use of force against inmates by hiring and retaining unqualified jail guards, and by failing to adequately train, supervise and control its officers.

97. By failing to adequately investigate and discipline jail guards who engaged in previous instances of excessive force against inmates, the Marion County Jail manifests deliberate indifference to the violation of those citizens' constitutional rights by the Jail's guards.

98. The Marion County Jail's deliberate indifferences to its' guards use of excessive force against inmates encourages guards to believe that their actions will never be scrutinized and thus encourages guards to continue using excessive force against inmates.

99. The Jail's failure to adequately train, supervise, and discipline its officers for their use of excessive force caused the individual jail guard defendants to use excessive force against Plaintiff because the guards believed that they would not be investigated or punished for doing so.

100. Defendants John Doe Jail Guard 1, John Doe Jail Guard 2, and John Doe Jail Guard 3 made the deliberate choice to take Plaintiff out of his holding cell and move him into a more secluded area of the jail.

101. Defendants John Doe Jail Guard 1, John Doe Jail Guard 2, and John Doe Jail Guard 3 made the deliberate choice to punch, kick, hit, jump on, attack, and otherwise beat up Plaintiff, without reason or cause.

102. Defendants John Doe Jail Guard 1, John Doe Jail Guard 2, and John Doe Jail Guard 3 effectively seized Plaintiff when they took him out of his jail cell and moved him to a secluded part of the jail.

103. Defendants John Doe Jail Guard 1, John Doe Jail Guard 2, and John Doe Jail Guard 3 unreasonably seized Plaintiff by using excessive force in battering and assaulting him without due cause and reason.

104. The excessive force that Plaintiff was subjected to by Defendants John Doe Jail Guard 1, John Doe Jail Guard 2, and John Doe Jail Guard 3 was unreasonable because the force was unreasonable and excessive so as to break his bones and cause other medical and physical damage to an unarmed individual.

105. As a direct, proximate, and legal result of the Jail's policy and practice, Plaintiff has suffered physical and emotional injury.

### COUNT 9: MONELL- POLICY OF EXCESSIVE FORCE
(Marion County Jail, Marion County Sheriff's Department, Lt. Colonel James Martin, Sheriff John Layton, John Doe Jail Guard 1, John Doe Jail Guard 2, John Doe Jail Guard 3 all individuals in the individual and their official capacities)

106. Plaintiff incorporates by reference the preceding paragraphs of this complaint as fully set forth herein. Pursuant to the federal notice pleading standard, this complaint contains a factual allegations section, pleaded with sufficient factual matter, which demonstrates the Plaintiff is entitled to relief. Fed. R. Civ. P. 8(a)(2).

107. The Defendants' actions constitute violations under *Monell* pursuant to 42 U.S.C. § 1983.

108. All Defendants named herein were acting under the color of state law in using excessive force against Plaintiff as an inmate at Marion County Jail; and all are named in individual and official capacities herein.

109. Upon information and belief, Defendants have a failure to train its employees to ensure that jail guards do not physical abuse, commit battery, assault, as well as ensure that jail guards engage in proper procedures.

110. Jail Guards of the Marion County Jail have a duty to engage in proper procedures.

111. Jail Guards of the Marion County Jail have a duty to ensure procedural fairness to all citizens.

112. Jail Guards of the Marion County Jail have a duty to uphold the laws of the State of Indiana, and to not violate laws by committing battery and physical assault upon inmates.

113. Upon information and belief, IMPD has failed to prevent officers from abusing the law.

114. Upon information and belief, Defendants; including, but not limited to, Defendants Sheriff John Layton and Lt. Colonel James Martin, have created a pervasive custom to use excessive force.

115. Upon information and belief, Jail Guards institute and practice a custom to use excessive force against inmates.

116. Upon information and belief, Defendants and supervisors; including but not limited to, Defendant Sheriff John Layton and Lt. Colonel James Martin, have instituted a custom to allow excessive force to be used against inmates.

117. Upon information and belief, Defendants and supervisors; including but not limited to, Defendants Sheriff John Layton and Lt. Colonel James Martin, have failed to train jail guards to prevent the use of excessive force against inmates.

118. Upon information and belief, Defendants and supervisors; including but not limited to, Defendants Sheriff John Layton and Lt. Colonel James Martin, have failed to discipline jail guards to deter and prevent the use of excessive force against inmates.

119. Upon information and belief, there are not sufficient protocols in place to prevent personal biases and ensure fairness and lawful actions of jail guards.

120. Such a custom to not ensure accuracy and protection is so pervasive, that Defendants commit assault and battery first, ask questions later.

121. Such a custom to not ensure improper motive, treatment, and process is so pervasive, that Defendants have liability for permitting its jail guards to react to inmates' requests out of personal animus.

122. To the extent that such policies are in place, such policies are routinely violated, such that Defendants have become objectively indifferent to the likelihood that a constitutional violation would occur.

123. To the extent that such policies are in place, there is a pattern of such violations, that Defendants have failed to train or supervise to rectify the problem.

124. Marion County Jail, Marion County Sheriff's Department, Lt. Colonel James Martin, and Sheriff John Layton have been put on notice of these violations, by Plaintiff's Tort Claim Notice which was filed before instigating these matters.

125. Such violations raise to a level so as to violate the United States Constitution and due process.

126. Upon information and belief, Defendants Sheriff John Layton and Lt. Colonel James Martin are the responsible policymakers for Marion County Jail and the subsequent training, supervision, and discipline of Marion County Jail guards.

127. Upon information and belief, Defendants have a failure to train and supervise its employees, to ensure that internal policies are followed, and to ensure that jail guards do not pursue personal animus, vendettas, and illegal actions such as physical assault and battery.

128. To the extent that such policies are not officially adopted, they have become so pervasive, it holds the same force as an adopted rule, policy, or regulation.

129. Defendants knew or should have known that their acts and omissions were likely a result in a violation of the Fourth and Fourteenth Amendment rights of innocent persons.

130. As a direct, legal, and proximate result of Defendants' deliberate indifference, gross negligence, or reckless disregard, Plaintiff suffered economic and non-economic damages.

### COUNT 10: § 1983
(Marion County Jail, Marion County Sheriff's Department, Lt. Colonel James Martin, Sheriff John Layton, John Doe Jail Guard 1, John Doe Jail Guard 2, John Doe Jail Guard 3 all individuals in the individual and their official capacities)

131. Plaintiff incorporates by reference the preceding paragraphs of this complaint as fully set forth herein. Pursuant to the federal notice pleading standard, this complaint contains a factual allegations section, pleaded with sufficient factual matter, which demonstrates the Plaintiff is entitled to relief. Fed. R. Civ. P. 8(a)(2).

132. The Defendants' actions constitute violations under *Monell* pursuant to 42 U.S.C. § 1983.

133. All Defendants named herein were acting under the color of state law in using excessive force against Plaintiff as an inmate at Marion County Jail; and all are named in individual and official capacities herein.

134. All Defendants named herein were acting under the color of state law in depriving Plaintiff of rights, privileges, and immunities secured by the Constitution and laws.

135. Specifically, Plaintiff was violated of his rights to be free from excessive force, unreasonable force, violation of due process, assault, battery, intentional infliction of emotional distress, and otherwise.

136. Defendant Jail Guards' actions constitute deliberate indifference to Plaintiff's request for medical attention.

137. Defendant Jail Guards chose to physically attack and beat Plaintiff upon Plaintiff requesting medical attention; as such, Defendants deliberately ignored and refused Plaintiff's request for medical attention.

138. Jail employees, upon being informed by Plaintiff of his injuries incurred after the jail guard attack, including Plaintiff complaining of broken ribs, deliberately chose to ignore Plaintiff's complaints.

139. Jail employees did not offer Plaintiff the chance to file a grievance, did not document, report, or treat Plaintiff's injuries.

140. Plaintiff was assaulted by John Doe Jail Guard 1, John Doe Jail Guard 2, and John Doe Jail Guard 3 when the jail guards forcibly removed Plaintiff from his holding cell, took him to a secluded cell in the jail, and proceeded to attack Plaintiff, causing broken bones, physical injuries, and mental and emotional distress.

141. Defendants' actions in so treating Plaintiff violate the Fourth and Fourteenth Amendments of the United States Constitution, and also violate state laws prohibiting assault, battery, negligence, intentional infliction of emotional distress, and otherwise.

142. Defendants have been put on notice of these Constitutional and state law violations by Plaintiff's tort claim notice.

143. As a direct, legal, and proximate result of Defendants' deliberate indifference, gross negligence, or reckless disregard, Plaintiff suffered economic and non-economic damages.

**COUNT 11: §1985(3)- CONSPIRACY TO INTERFERE WITH CIVIL RIGHTS**
(John Doe Jail Guard 1, John Doe Jail Guard 2, John Doe Jail Guard 3 all individuals in the individual and their official capacities)

144. Plaintiff incorporates by reference the preceding paragraphs of this complaint as fully set forth herein. Pursuant to the federal notice pleading standard, this complaint contains a factual allegations section, pleaded with sufficient factual matter, which demonstrates the Plaintiff is entitled to relief. Fed. R. Civ. P. 8(a)(2).

145. Defendants were acting in both official and individual capacity when conspiring to deprive Plaintiff of his right of due process and equal protection of law.

146. Defendants John Doe Jail Guard 1, John Doe Jail Guard 2, and John Doe Jail Guard 3 conspired to pull Plaintiff out of his holding cell.

147. Defendants conspired to physically attack Plaintiff by ganging up together to beat him up.

148. Defendants conspired to physically jump down on Plaintiff's chest and kicking and beating him.

149. Defendants acted deliberately and intentionally in so conspiring.

150. As a direct, legal, and proximate result of Defendants' conspiring to deprive Plaintiff of his rights, Plaintiff suffered deprivation of constitutionally protected rights of due process of law and equal protection, as well as economic and non-economic damages.

## COUNT 12: §1986- NEGLECT TO PREVENT VIOLATIONS
(Sheriff John Layton, Lt. Colonel James Martin, John Doe Jail Guard 1, John Doe Jail Guard 2, John Doe Jail Guard 3 all individuals in the individual and their official capacities)

151. Plaintiff incorporates by reference the preceding paragraphs of this complaint as fully set forth herein. Pursuant to the federal notice pleading standard, this complaint contains a factual allegations section, pleaded with sufficient factual matter, which demonstrates the Plaintiff is entitled to relief. Fed. R. Civ. P. 8(a)(2).

152. Defendants John Doe Jail Guard 1, John Doe Jail Guard 2, and John Doe Jail Guard 3 were acting in both official and individual capacity when conspiring to deprive Plaintiff of his right of due process and equal protection of law, in violation of U.S.C. §1985(3).

153. In so acting, and having the power to prevent or aid in preventing the commission of deprivation of Plaintiff's constitutionally protected rights, Defendants Sheriff John Layton and Lt. Colonel James Martin are liable to Plaintiff for his injuries.

154. As a direct, legal, and proximate result of Defendants' conspiring to deprive Plaintiff of his rights, Plaintiff suffered deprivation of constitutionally protected rights of due process of law and equal protection, as well as economic and non-economic damages.

## COUNT 13: MEDICAL INDIFFERENCE
(Sheriff John Layton, Lt. Colonel James Martin, John Doe Jail Guard 1, John Doe Jail Guard 2, John Doe Jail Guard 3 all individuals in the individual and their official capacities)

155. Plaintiff incorporates by reference the preceding paragraphs of this complaint as fully set forth herein. Pursuant to the federal notice pleading standard, this complaint contains a factual allegations section, pleaded with sufficient factual matter, which demonstrates the Plaintiff is entitled to relief. Fed. R. Civ. P. 8(a)(2).

156. Defendants had a duty of reasonable care and due diligence in responding to and investigating Plaintiff's medical complaints while in the custody of Marion County Jail.

157. Defendants failed to respond to, report, or otherwise provide Plaintiff regarding his medical complaints.

158. Defendant Jail Guards, upon Plaintiff requesting medications, physically assaulted and attacked Plaintiff instead.

159. Defendants deliberately and intentionally denied Plaintiff medical attention by choosing to physically attack and beat Plaintiff instead of respond to his medical requests.

160. Jail employees, upon Plaintiff informing them of the attack and broken ribs he suffered, did not otherwise report, document, or investigate the reports of physical injuries.

161. Jail employees' conduct, in so ignoring Plaintiff's severe physical injuries and broken ribs, acted with deliberate purpose in refusing to further acknowledge, document, report, and treat his injuries.

162. As a direct, legal, and proximate result of Defendants' indifference to Plaintiff's various medical complaints and requests, caused Plaintiff to suffer economic and non-economic damages.

**COUNT 14: FIRST AMENDMENT**
(Sheriff John Layton, Lt. Colonel James Martin, John Doe Jail Guard 1, John Doe Jail Guard 2, John Doe Jail Guard 3 all individuals in the individual and their official capacities)

163. Plaintiff incorporates by reference the preceding paragraphs of this complaint as fully set forth herein. Pursuant to the federal notice pleading standard, this complaint contains a factual allegations section, pleaded with sufficient factual matter, which demonstrates the Plaintiff is entitled to relief. Fed. R. Civ. P. 8(a)(2).

164. Defendants, as public servants and enforcers of local, state, and constitutional laws and rights, owe a duty to all citizens to ensure that citizens' First Amendment right to petition the government to redress grievances is not trampled upon by Defendants without due process of law and sufficient cause.

165. Defendants Sheriff John Layton, Lt. Colonel James Martin, John Doe Jail Guard 1, John Doe Jail Guard 2, and John Doe Jail Guard 3 are named in their individual and official capacities as employees of the City of Bicknell.

166. Defendants violated this duty by suppressing Plaintiff's right to redress grievances at the Marion County Jail by failing to respond, document, and investigate Plaintiff's complaints of physical injuries.

167. Defendants violated this duty by suppressing Plaintiff's right to redress grievances at the Marion County Jail by physically attacking and beating Plaintiff upon Plaintiff's request for medication.

168. As a direct, legal, and proximate cause of Defendants' acts and omissions, Plaintiff's First Amendment rights have been violated.

## COUNT 14: FIRST AMENDMENT VIOLATION

(Sheriff John Layton, Lt. Colonel James Martin, John Doe Jail Guard 1, John Doe Jail Guard 2, John Doe Jail Guard 3 all individuals in the individual and their official capacities)

169. Plaintiff incorporates by reference the preceding paragraphs of this complaint as fully set forth herein. Pursuant to the federal notice pleading standard, this complaint contains a factual allegations section, pleaded with sufficient factual matter, which demonstrates the Plaintiff is entitled to relief. Fed. R. Civ. P. 8(a)(2).

170. Defendants, as public servants and enforcers of local, state, and constitutional laws and rights, owe a duty to all citizens to ensure that citizens' First Amendment right to petition the government to redress grievances is not trampled upon by Defendants without due process of law and sufficient cause.

171. Defendants Sheriff John Layton, Lt. Colonel James Martin, John Doe Jail Guard 1, John Doe Jail Guard 2, and John Doe Jail Guard 3 are named in their individual and official capacities as employees of the City of Bicknell.

172. Defendants retaliated against Plaintiff when Plaintiff exercised his First Amendment rights to request medication at the Marion County Jail.

173. Defendants physically assault and beat Plaintiff to retaliate against Plaintiff's request for medication instead of redressing his complaints.

174. Defendants retaliated against Plaintiff when Plaintiff exercised his First Amendment rights to express his grievances with Marion County Jail staff regarding the physical attack by the guards.

175. Defendants failed to respond to, document, or otherwise investigate Plaintiff's complaint regarding the physical attack by the guards.

176. Plaintiff attempted to file a grievance upon the jail by complaining to jail employees regarding the assault and battery by Defendant jail guards.

177. When Plaintiff attempted to make his grievance regarding these matters, the jail employees blocked him from making such a complaint.

178. As a direct, legal, and proximate cause of Defendants' acts and omissions, Plaintiff's First Amendment rights have been violated.

## PRAYER FOR RELIEF

Fisher prays that a judgment be entered on his behalf and against the Defendants on all Counts of this Complaint.

## RESERVATION OF RIGHTS

Plaintiff reserves the right to proceed with any and all claims which the facts averred in this complaint support, pursuant to the notice pleading requirement of F.R.C.P. 8.

WHEREFORE, Plaintiff respectfully requests this Court to enter judgment in favor of him on all counts of his Complaint, award him compensatory damages and punitive damages as well as litigation costs, and grant him such other and further relief as this Court deems just under the

circumstances, including, but not limited to, a public apology, attorney's fees, and pre and post-judgment interest.

## DEMAND FOR JURY TRIAL

Fisher hereby demands a trial by jury of all issues so triable.

Dated: March 2, 2018

Respectfully submitted,

/s/ Andrea L. Ciobanu

Andrea L. Ciobanu, #28942-49
CIOBANU LAW, P.C.
8910 Purdue Road
Indianapolis, Indiana 46268
Telephone: (317) 495-1090
Facsimile: (866) 841-2071
Email: aciobanu@ciobanulaw.com