UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| MICHAEL FISHER, | ) |
| Plaintiff, | ) CASE NO.: 1:18-cv-0649-JMS-DML |
| v. | ) |
| MARION COUNTY JAIL, MARION COUNTY SHERIFF'S OFFICE, LT. COLONEL JAMES MARTIN, MARION COUNTY SHERIFF JOHN LAYTON, JOHN DOE JAIL GUARD 1 JOHN DOE JAIL GUARD 2 JOHN DOE JAIL GUARD 3, | ) |
| Defendants. | ) |

**BRIEF IN SUPPORT OF MOTION TO DISMISS**

Fisher's Complaint, which has 178 paragraphs, contains several claims and parties that require dismissal. He states a § 1983 claim of excessive force, a § 1983 claim of deliberate indifference, and a *Monell* claim. His other federal constitutional claims should be dismissed for failure to state a claim.

Fisher's claims against Marion County Jail must be dismissed because it is not a suable entity. Fisher's official capacity claims against Defendants Martin and Layton should be dismissed because a claim against an official is a claim against his employer. Fisher's Due Process and Equal Protection Clause claims should be dismissed because Fisher's alleged inability to file a grievance does not amount to a due process violation, and because Constitutional claims are to be addressed under the most applicable provision. Fisher's Conspiracy claims should be dismissed because employees of a single government cannot be

held liable for conspiring to interfere with Plaintiff's civil rights. Finally, Fisher's First Amendment claims should be dismissed because he has access to the courts by filing suit.

## STANDARD ON MOTION TO DISMISS

Federal Rule of Civil Procedure 8(a)(2) "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (quoting Fed. R. Civ. Pro. 8(a)(2)). "Specific facts are not necessary, the statement need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson*, 551 U.S. at 93 (quoting *Bell Atlantic v. Twombly*, 550 U.S. 544, 555 (2007)).

A motion to dismiss asks whether the complaint "contain[s] sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). In reviewing the sufficiency of a complaint, the Court must accept all well-pled facts as true and draw all permissible inferences in favor of the plaintiff. *See Active Disposal, Inc. v. City of Darien*, 635 F.3d 883, 886 (7th Cir. 2011). The Court will not accept legal conclusions or conclusory allegations as sufficient to state a claim for relief. *See McCauley v. City of Chicago*, 671 F.3d 611, 617 (7th Cir. 2011). Factual allegations must plausibly state an entitlement to relief "to a degree that rises above the speculative level." *Munson v. Gaetz*, 673 F.3d 630, 633 (7th Cir. 2012). This plausibility determination is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id*. "A litigant may plead itself out of court by alleging (and thus admitting) the ingredients of a defense . . . ." *Barry Aviation*, 377 F.3d at 688 (citing *Gypsum*, 350 F.3d at 626).

## SECTION 1983

Section 1983 of Title 42 of the United States Code "provides a civil remedy against any person who, under color of state law, subjects a citizen of the United States to the deprivation of

2

any rights, privileges, or immunities secured by the federal Constitution or federal laws." *Spiegel v. Rabinovitz,* 121 F.3d 251, 257 (7th Cir. 1997); 42 U.S.C. § 1983. "Section 1983 does not define substantive injuries but rather provides a remedy for injuries defined by other federal laws." *Norris by Norris v. Board of Educ. of Greenwood Community Sch. Corp.*, 797 F.Supp. 1452, 1464 (S.D. Ind. 1992); *Ledford v. Sullivan*, 105 F.3d 354, 356 (7th Cir. 1997). To state a § 1983 claim, a plaintiff must allege that: (1) he was deprived of a right secured by the Constitution or laws of the United States; and (2) the deprivation was visited upon him by a person or persons acting under color of state law. *Kramer v. Village of North Fond du Lac*, 384 F.3d 856, 861 (7th Cir. 2004). "Section 1983 creates a cause of action based on personal liability and predicated upon fault; thus, liability does not attach unless the individual defendant caused or participated in a constitutional deprivation." *Vance v. Peters*, 97 F.3d 987, 991 (7th Cir. 1996), quoting *Sheik–Abdi v. McClellan,* 37 F.3d 1240, 1248 (7th Cir.1994).

## ARGUMENT

**I. Marion County Jail must be dismissed because it is not a suable entity.**

The Marion County Jail is a facility, not a municipal entity subject to suit. *See Smith v. Knox County Jail*, 666 F.3d 1037, 1040 (7th Cir. 2012). The Marion County Jail operates under the Marion County Sheriff's Office, which Fisher has named as a Defendant. The Jail should be dismissed as a Defendant.

**II. Colonel James Martin and Marion County Sheriff John Layton should be dismissed in their official capacities.**

Defendants Martin and Layton should be dismissed in their official capacities because a claim against an official is a claim against his employer. *Kentucky v. Graham*, 473 U.S. 159, 165 (1985). A complaint against a government official in his official capacity is a complaint against

3

the entity in which he works. *Grieveson v. Anderson,* 538 F.3d 763, 771 (7th Cir. 2008). Fisher has named the Marion County Sheriff's Office as a Defendant; naming Colonel Martin and Sheriff Layton is redundant. *See McGivern v. City of Indianapolis*, 2003 WL 21989996, at *5 (S.D. Ind. Aug. 11, 2003).

**III. <u>Fisher's Due Process and Equal Protection claims in Count 6 should be dismissed because Fisher's alleged inability to file a grievance does not amount to a due process violation, and because Constitutional claims are to be addressed under the most applicable provision.</u>**

Fisher's alleged inability to file a grievance does not amount to a violation of Due Process rights. A state-created prison grievance procedure does not trigger a liberty interest protected by the Fourteenth Amendment. *Shango v. Jurich,* 681 F.2d 1091, 1102 (7th Cir.1982). The right to a grievance procedure is procedural, not substantive. *Antonelli v. Sheahan*, 81 F.3d 1422, 1430 (7th Cir. 1996). "Accordingly, a state's inmate grievance procedures do not give rise to a liberty interest protected by the Due Process Clause." *Id*.

Fisher's Fourteenth Amendment Equal Protection claim and Due Process claim should be dismissed because he has alleged Fourth Amendment Excessive Force in Count 8 and deliberate indifference in Count 13. Constitutional claims are to be addressed under the most applicable provision. *See Conyers v. Abitz*, 416 F.3d 580, 586 (7th Cir. 2005) (citing *Graham v. Connor*, 490 U.S. 386, 395 (1989); *Albright v. Oliver,* 510 U.S. 266, 273 (1994) ("Where a particular Amendment provides an explicit textual source of constitutional protection against a particular sort of government behavior, that Amendment, not the more generalized notion of substantive due process, must be the guide for analyzing such a claim.") (plurality opinion of Rehnquist, C.J.) (internal quotations omitted).

Even if Fisher has stated Due Process and Equal Protection Clause claims, those claims should be dismissed because Defendants are entitled to qualified immunity.

4

"Qualified immunity shields government officials from liability under Section 1983 'for actions taken while performing discretionary functions, unless their conduct violates clearly established statutory or constitutional rights of which a reasonable person would have known.'" *Pearson v. Callahan*, 555 U.S. 223, 231 (2009). "[T]he Supreme Court's jurisprudence on qualified immunity requires that this issue be resolved at the earliest stages of litigation." *Delgado v. Jones*, 282 F.3d 511, 515 (7th Cir. 2002). In order for Fisher to defeat the qualified immunity defense, he must satisfy both of the following conditions: (1) "the complaint must adequately allege facts that, if true, would constitute a violation of a constitutional right," and (2) "the case law must be 'clearly established' at the time of the alleged violation, so that a reasonable public official would have know[n] that his conduct was unlawful." *Delgado,* 282 F.3d at 515–16. "In determining whether a right was 'clearly established' at the time of an official action, [a court] must look at the right violated in a 'particularized' sense, rather than 'at a high level of generality.'" *Anderson v. Creighton,* 483 U.S. 635, 640, 107 S.Ct. 3034, 97 L.Ed.2d 523 (1987).

Although qualified immunity is an affirmative defense, once raised, the immunity becomes the plaintiff's burden to defeat. *Jewett v. Anders*, 521 F.3d 818, 823 (7th Cir. 2008); *Estate of Escobedo v. Martin*, 702 F.3d 388, 404 (7th Cir.2012); *Wheeler v. Lawson*, 539 F.3d 629, 639 (7th Cir.2008). A Plaintiff must meet this burden by pointing to "a closely analogous case" that should have put defendants on notice that engaging in the specific type of conduct they engaged in was a violation of an inmate's constitutional rights. *Findlay v. Lendermon,* 722 F.3d 895, 899 (7th Cir. 2013).

A key purpose of qualified immunity is to ensure that governmental entities do not spend resources litigating a case that could be first decided on the qualified immunity issue. *Pearson v.*

*Callahan*, 129 S. Ct. 808, 819 (2009). Qualified immunity is more than a mere defense; it is immunity from suit. *Saucier v. Katz,* 533 U.S. 194, 200, 121 S.Ct. 2151, 150 L.Ed.2d 272 (2001). Immunity is a question of law for a court to decide. *Riccardo v. Rausch*, 375 F.3d 521, 526 (7th Cir. 2004); *Hughes v. Meyer*, 880 F.2d 967, 969 (7th Cir. 1989).

Fisher cannot point to any clearly established law that shows Defendants should have known that their actions would violate Fisher's Due Process rights or the Equal Protection Clause. Therefore, Defendants have immune from liability on those claims, which should be dismissed.

**IV. Fisher's Conspiracy claim in Count 11 should be dismissed because employees of a single government entity cannot be held liable for conspiring to interfere with Plaintiff's civil rights.**

Fisher alleges Defendants conspired to deprive him of his constitutional rights in violation of 42 U.S.C. § 1985(3). Under the intracorporate conspiracy doctrine, employees of a single government entity cannot violate § 1985(3). *Dombrowski v. Dowling,* 459 F2d 190, 196 (7th Cir 1972). "[T]he statutory requirement that 'two or more persons... conspire...' is not satisfied by proof that a discriminatory business decision reflects the collective judgment of two or more executives of the same firm." *Id*. The *Dombrowski* court denied plaintiff's conspiracy claim, finding that the plaintiff did not establish the existence of a conspiracy. *Id*. In *Travis v. Gary Community Mental Health Center, Inc*., the court held that the intracorporate conspiracy doctrine applies to claims brought under § 1985(3) because it was an established common law rule when § 1985(3) was enacted in 1871. 921 F.2d 108, 110 (7th Cir. 1990). Plaintiff's Count 11 should be dismissed because when all Defendants are state actors, "a § 1985(3) claim does not add anything except needless complexity." *Fairley v. Andrews*, 578 F.3d 518, 526 (7th Cir. 2009). Any claim brought pursuant to 42 U.S.C. § 1985 should be dismissed.

### V. Fisher's First Amendment claim in Count 14 should be dismissed because he has access to the courts by filing suit.

Fisher's First Amendment claims should be dismissed because Fisher has filed suit; he has not been deprived of his First Amendment rights. *Antonelli v. Sheahan*, 81 F.3d 1422, 1430 (7th Cir. 1996) ("[Plaintiff's] invocation of the judicial process indicates that the prison has not infringed his First Amendment right to petition the government for a redress of grievances."). The final clause of the First Amendment, known as the Petition Clause, guarantees the right "to petition the Government for a redress of grievances." U.S. CONST. amend. I. The Constitution guarantees the right to file a lawsuit, not the right to receive an administrative investigation. Fisher alleges in Count 14 that Defendants Suppressed his right to redress grievances by failing to respond, document, and investigate Plaintiff's complaints of physical injuries. Because Fisher has filed suit, his right to redress grievances has not been violated.

The United States Supreme Court has consistently recognized that a lawsuit is a "petition." *See Octane Fitness, LLC v. ICON Health & Fitness, Inc.*, 134 S. Ct. 1749, 1757 (2014); *BE & K Const. Co. v. N.L.R.B.*, 536 U.S. 516, 525, 122 S. Ct. 2390, 2395, 153 L. Ed. 2d 499 (2002); *Christopher v. Harbury*, 536 U.S. 403, 415 & n. 12, 122 S. Ct. 2179, 2187, 153 L. Ed. 2d 413 (2002); *Prof'l Real Estate Inv'rs, Inc. v. Columbia Pictures Indus., Inc.*, 508 U.S. 49, 56-57 (1993); *Hudson v. Palmer*, 468 U.S. 517, 523 (1984); *Sure-Tan, Inc. v. NLRB*, 467 U.S. 883, 896-97 (1984); *Bill Johnson's Rests., Inc. v. NLRB*, 461 U.S. 731, 741 (1983); *Pell v. Procunier*, 417 U.S. 817, 828 n.6 (1974); *Ortwein v. Schwab*, 410 U.S. 656, 660 (1973); *Cruz v. Beto*, 405 U.S. 319, 321 (1972); *Cal. Motor Transp. Co. v. Trucking Unlimited*, 404 U.S. 508, 513 (1972); *United Transp. Union v. State Bar of Mich.*, 401. U.S. 576, 580 (1971); *United Mine Workers of Am., Dist. 12 v. Ill. State Bar Ass'n*, 389 U.S. 217, 221-22 (1967); *Bhd. R.R. Trainmen v. Va. ex rel. Va. State Bar*, 377 U.S. 1, 7 (1964); *NAACP v. Button*, 371 U.S. 415,

444-45 (1963). Because Fisher's right to petition has not been violated, his First Amendment claim should be dismissed.

## **CONCLUSION**

Fisher's claims against the Marion County Jail must be dismissed because it is not a suable entity. Fisher's official capacity claims against Defendants Martin and Layton should be dismissed because a claim against an official is a claim against his employer. Fisher's Due Process and Equal Protection Clause claims should be dismissed because Fisher's alleged inability to file a grievance does not amount to a due process violation, and because Constitutional claims are to be addressed under the most applicable provision. Fisher's Conspiracy claims should be dismissed because employees of a single government entity cannot be held liable for conspiring to interfere with Plaintiff's civil rights. Finally, Fisher's First Amendment claims should be dismissed because he has access to the courts by filing suit.

Respectfully submitted,

*/s/ Tara L. Gerber*
Tara L. Gerber (31717-49)
Assistant Corporation Counsel
OFFICE OF CORPORATION COUNSEL
200 East Washington Street, Room 1601
Indianapolis, Indiana 46204
Telephone: (317) 327-4055
E-Mail: tara.gerber@indy.gov

## **CERTIFICATE OF SERVICE**

      I hereby certify that on May 7, 2018, a copy of the foregoing was filed electronically. Service of this filing will be made on all registered counsel by operation of the Court's electronic filing system:

Andrea L. Ciobanu
Ciobanu Law
8910 Purdue Road, Suite 240
Indianapolis, IN  46268
aciobanu@ciobanulaw.com
*Attorney for the Plaintiff*

                                            */s/ Tara L. Gerber*
                                            Tara L. Gerber (31717-49)
                                            Assistant Corporation Counsel